This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

Plaintiff-Appellee,

v.                                                    NO. A-1-CA-35805

RONNIE SAMPSON,

Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Charles W. Brown, District Judge

Hector H. Balderas, Attorney General
Santa Fe, NM
John Kloss, Assistant Attorney General
Albuquerque, NM

for Appellee

Rebecca L. Reese
Albuquerque, NM

for Appellant

MEMORANDUM OPINION

VANZI, Chief Judge.

{1}    Defendant Ronnie Sampson was charged and convicted following a bench trial in the metropolitan court of contracting without a license, pursuant to NMSA 1978, Section 60-13-52(A) (1989). After a bench trial de novo in the district court, Defendant was again found guilty of violating Section 60-13-52(A), and his case was remanded to the metropolitan court for sentencing. Defendant's sole argument on appeal is that there was insufficient evidence to find that he was a contractor because he presented evidence that he was a wage-earning employee and thus excluded from the licensing requirement. We affirm.

{2}    Because this is a memorandum opinion and because the parties are familiar with the facts and procedural history of the case, it is unnecessary for us to repeat them here, except as required for our analysis.

**DISCUSSION**

**Standard of Review**

{3}    Defendant challenges the sufficiency of the evidence to support the district court's finding of guilt. "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Torrez*, 2013-NMSC-034, ¶ 40, 305 P.3d 944 (internal quotation marks and citation omitted). Our Supreme Court has established a two-step process for applying this test. *See State v. Garcia*, 2016-NMSC-034, ¶ 24, 384 P.3d 1076. First, we must

"draw every reasonable inference in favor of the [district court's judgment]." *Id.* Then, we "evaluate whether the evidence, so viewed, supports the [judgment] beyond a reasonable doubt." *Id.* To the extent we are required to construe sections of the Construction Industry Licensing Act (CILA), NMSA 1978, §§ 60-13-1 to -59 (1967, as amended through 2013), our review is de novo. *See State v. Allen*, 2014-NMCA-111, ¶ 7, 336 P.3d 1007.

**Defendant Was Convicted of Being a Sales Representative, Not a Contractor, and Has Waived and Abandoned Any Argument Regarding His Status as Such**

**{4}** The district court found that Defendant held himself out as a sales representative of a contractor without an appropriate license in violation of Section 60-13-52(A).

**{5}** Section 60-13-52(A) is titled, "Penalty; misdemeanor" and states:

> Any person who acts in the capacity as a contractor within the meaning of the [CILA] without a license required by that act, *and any person who holds himself out as a sales representative* of a contractor which contractor is without a license as required by that act, is guilty of a misdemeanor[.]

(Emphasis added.) This is the section Defendant was convicted of violating by both the metropolitan and district courts. Because it contains two categories of violations, separated by a comma and the word "and," a person can violate the statute either by acting as a contractor without a license or as a sales representative of a contractor who does not have a license. Defendant was expressly convicted on the second basis.

**{6}** On appeal, Defendant's argument mischaracterizes the district court's finding. Defendant argues that there was insufficient evidence to find he was a contractor and thus required to have a license. Rather, he claims he was a wage-earning employee, which would exempt him from the license requirement. *See* § 60-13-3(D)(13). This exemption, however, only applies to contractors, not sales representatives. Defendant does not address the fact that he was convicted as a sales representative. Nor does he offer any definition of the term.

**{7}** "Sales representative" is not defined nor used elsewhere in the statute or related regulations. Neither has it been defined in New Mexico case law. To the extent Defendant's arguments assume it means "employee," we decline to conflate it with the terms "employee" or "independent contractor." Those terms are both defined in a separate provision of CILA in the context of a contractor's obligation to correctly define the status of a person providing labor or services.[1] *See* § 60-13-3; § 60-13-3.1(A). Nothing in Defendant's argument indicates that he believes there was insufficient evidence presented that he was not a sales representative. Rule 12-318(A)(4) NMRA requires an appellant to "set forth a specific attack on any finding, or the finding shall be deemed conclusive. A contention that a verdict, judgment, or

___

[1]Defendant argues he was wrongly sentenced under the common-law test for an employee rather than the statutory test. As he was not sentenced as a contractor, the common-law versus statutory definition of "employee" exception is not relevant.

4

finding of fact is not supported by substantial evidence shall be deemed waived unless the argument identifies with particularity the fact or facts that are not supported by substantial evidence[.]" As Defendant made no argument regarding the sufficiency of the evidence of the district court's ruling that he held himself out as a sales representative of an unlicensed contractor, we consider the district court's finding conclusive and argument to the contrary both waived and abandoned. *State v. Correa*, 2009-NMSC-051, ¶ 31, 147 N.M. 291, 222 P.3d 1 ("On appeal, issues not briefed are considered abandoned, and we do not raise them on our own.").

**CONCLUSION**

{8}     We affirm.

{9}     **IT IS SO ORDERED.**


_____

**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**




_____

**M. MONICA ZAMORA, Judge**




_____

**JULIE J. VARGAS, Judge**